UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:19-cr-127-FtM-66NPM

MIGUEL AGUILAR

**ORDER**

Before the Court is is Defendant's Motion for Essential Medical Testing (Doc. 31). Defendant is in the custody of the U.S. Marshal, and pursuant to an arrangement with the Sheriff of Glades County, Florida, Defendant is detained in the Glades County Jail. Challenging the conditions of confinement, Defendant seeks an order compelling the Marshal and the Sheriff to administer a COVID-19 test.

But to prevent circumvention of the obligation to exhaust administrative remedies before seeking judicial relief, and to ensure that the persons responsible for the custody and care of the defendant are properly notified and brought before the court, any complaints about the conditions of confinement that do not concern a defendant's access to counsel or the ability to prepare a defense must be pursued in a separate civil action and not by motion in the defendant's criminal case. *See United States v. Darcy*, No. 1:17-cr-00036-MR-WCM, 2020 WL 2573251, *4 (W.D.N.C. May 21, 2020) (denying motion filed in criminal case and requiring incarcerated movant to pursue conditions-of-confinement claim concerning COVID-19 in a civil action instead); *United States v. Kahn*, No. 17-CR-0029-ABJ, 2019 WL 3977353, *1-2 (D. Wyo. Mar. 29, 2019) (declining to analyze the merits of the pretrial detainee's conditions-of-confinement motion because

when such claims do not concern access to counsel or the ability to prepare a defense, it is not appropriate to address them in the criminal action); *United States v. Andrews*, No. 1:12–cr–100, 2014 WL 1379683, *3 (N.D. W. Va. Apr. 8, 2014) ("Courts have consistently held that an incarcerated individual must bring challenges to his conditions of confinement through a civil action" and cannot do so "though a motion filed in his criminal case.") (collecting cases); *United States v. Luong*, No. CR. 99-433 WBS GGH, 2009 WL 2852111, *2 (E.D. Cal. Sept. 2, 2009) ("Claims of inadequate medical treatment or other complaints regarding conditions of confinement potentially involve the Marshal, Sheriff, or other person or persons responsible for the custody and care of the defendant. Entertaining defendant's filings in [his criminal] action fails to properly apprise those individuals who have the requisite authority and ability to address and potentially remedy defendant's grievances."). Thus, "Defendant's request for medical testing should be addressed in a civil proceeding," because "[e]ntertaining Defendant's motion here does not properly apprise [the Marshal and the Sheriff] or allow them to defend the claim." *United States v. Hogsett*, No. 2:20-CR-68-FTM-38NPM, 2020 WL 3490191, *2 (M.D. Fla. June 26, 2020) (overruling objections to an order denying a request for a COVID-19 test).

In an attempt to sidestep this well-established body of law, Defendant supplements his conditions-of-confinement claims with two additional arguments: (1) his access to counsel is implicated because without a test result he will be unable to confer with his counsel during any in-person sentencing hearing; and (2) a test result would inform decisions about sentencing and incarceration, and potentially provide a basis to revisit the propriety of detention while awaiting sentencing.

Notably, there are no allegations that the Defendant is or ever has been symptomatic for COVID-19; that the Defendant has ever been in close, personal and unprotected contact with someone who tested positive for COVID-19; or that the Defendant has ever requested a COVID-19 test and been denied. Indeed, the facts presented in the motion compellingly suggest that if a test becomes advisable due to symptoms or significant unprotected contact with a confirmed case, a test will likely be administered.

Further, the conjecture offered concerning the inability to confer with counsel during an in-person sentencing hearing is of no moment because the Defendant has consented to conduct the sentencing by videoconference. (Doc. 28). And the Court "is satisfied that video conference and telephone connectivity allow Defendant access to counsel as needed before and during any proceeding." *Hogsett*, 2020 WL 3490191 at *2.

Finally, Defendant does not explain how the possibility of being an asymptomatic COVID-19 carrier would be relevant to sentencing or material to continued detention pending sentencing, and so it remains "unclear why a test, whatever its results might prove, relates to this Court's decision to release or sentence" the Defendant. *Id.* Defendant "no more knows that he has been exposed to the virus than any other illness," and the Glades County Jail "has procedures in place, like medical isolation and treatment, should Defendant contract, or manifest symptoms of COVID-19." *Id.* Moreover, with respect to determining whether any COVID-related measures may be appropriate during any term of incarceration, the Bureau of Prisons "is processing all newly-sentenced BOP

inmates through one of three quarantine sites;" is testing "all inmates upon arrival;" and testing them again "before movement to their designated BOP facility."[1]

Accordingly, it is hereby **ORDERED**:

The Motion for Essential Medical Testing (Doc. 31) is **DENIED** without prejudice to pursuing the asserted claim and requested relief in a separate civil action.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* "BOP Implementing Modified Operations," available at https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 10, 2020).